**E-FILED on     11/23/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH BIRCHETT,<br><br>        Petitioner,<br><br>    v.<br><br>BRIAN HAWS, Warden<br><br>        Respondent. | No. 09-00610 RMW<br><br>ORDER TO SHOW CAUSE |

Petitioner, a California prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court orders respondent to show cause why a writ of habeas corpus should not be granted.[1]

## I. BACKGROUND

Following a jury trial, petitioner was convicted of two counts of possession of cocaine base for sale, Health and Safety Code section 11351.5, one count of sale of cocaine base, Health and

---

[1] Petitioner, although represented, has filed *pro se* a motion for leave to proceed *in forma pauperis* (Doc. No. 7); amended petition for writ of habeas corpus; (Doc. No. 9); a motion for bail pending appeal and for stay of execution of judgment (Doc. No.6); and a motion for modification of sentence (Doc. No. 5). The court has confirmed with counsel that he still represents petitioner and that petitioner's *pro se* filings are withdrawn.

ORDER TO SHOW CAUSE—No. C-09-00610 RMW
AKT

Safety Code section 11352, and one enhancement for a prior conviction under Penal Code section 662.5. On March 28, 2007, petitioner was sentenced to an aggregate term of 9 years 4 months in prison. On November 12, 2008, the California Supreme Court denied review of petitioner's direct appeal. The instant petition for habeas corpus was filed in this court on February 11, 2009.

## II. ANALYSIS

### A. Standard of Review

This court may entertain a petition for writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Petitioner's Cognizable Claims

As grounds for federal habeas relief petitioner raises two issues: (1) the court erred in its denial of a continuance for trial so that petitioner could retain counsel of his choice after his appointed counsel, John McDougall, had failed to prepare for trial and (2) counsel was ineffective in its decision not to call Randi Harvey as a witness, which was induced by the prosecutor's improper threat to put Ms. Harvey in prison if she testified. The court will require respondent to show cause why the petition for a writ of habeas corpus should not be granted.

## III. ORDER

Good cause appearing, the court hereby issues the following orders:

1. The Clerk of the Court shall serve a copy of this order and the petition (docket no. 1) and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on petitioner at his current address.

2. Respondent shall file with this court and serve upon petitioner, within ninety (90) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3.      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty (30) days of his receipt of the answer. Should petitioner fail to do so, the petition will be deemed submitted and ready for decision thirty (30) days after the date petitioner is served with respondent's answer.

4.      Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within ninety (90) days of the date this order is filed. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition to the motion within thirty (30) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen (15) days of receipt of any opposition.

5.      It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)..

6.      Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than ten (10) days prior to the deadline sought to be extended.  IT IS SO ORDERED

Dated:      11/23/09

RONALD M. WHYTE
United States District Judge

ORDER TO SHOW CAUSE—No. C-09-00610 RMW AKT

3

**Notice of this document has been sent to:**

**Counsel for Petitioner**:

Robert Joseph Beles   pablito@lmi.net

**Counsel for Respondent:**
(No appearance)

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     11/23/09                                                    CCL
                                                                        **Chambers of Judge Whyte**